EDWARD F. McGLONE, ADMINISTRATOR, &c., v. THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1.  It is sufficient, in a suit for negligence resulting in death, to aver in the declaration that the deceased left a widow or children, without naming them.
2.  It is proper, though perhaps not indispensable, to allege that such widow or next of kin has sustained some pecuniary loss.

On *demurrer* to the declaration.

Argued at November Term, 1874, before BEASLEY, Chief Justice, and Justices DALRIMPLE, DEPUE and SCUDDER.

McGlone, Adm'r, v. New Jersey R. R. & T. Co.

For the plaintiff, *Woodbrige Strong.*

For the defendant, *James B. Vredenburgh.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is founded on 'the act which provides for the recovery of damages when the death of a person is caused by wrongful act, neglect or default. *Nix. Dig.* 234. The declaration shows that the intestate was a passenger in the cars of the defendants, and was killed, in attempting to alight at a station, by reason of want of proper lights at that point, and from the carelessness of the servants of the company in hurriedly and incautiously starting their train.

The demurrer is special, and assigns, as a cause the following exception : "because the said declaration does not show the names of the widow and next of kin."

The point is not well taken. The allegation in the declaration, on this subject, is in these words, to wit : "And the plaintiff saith that the said Daniel McGlone (the intestate) left him surviving and still living, a widow and several children, his next of kin, and that they have sustained great pecuniary damage and injury resulting from the said death of the said Daniel McGlone, to wit, to the amount," &c. The objection to this formula is, that the names of the widow and children are not stated, that is to say, that there is wanting in this pleading that degree of certainty or specification, which the rules of law require. But it is manifest that such an exception goes only to the form, and not to the substance, of the plaintiff's case, as here stated, and the consequence is, even if the imputed fault exists, the occasion does not justify a resort to a demurrer. The defect, being formal, could only be objected to, at common law, by special demurrer, a method of pleading altogether abolished by the statute of this state. The mode for testing the question sought to be raised was by motion. On the record, as it stands, the plaintiff is entitled to judgment.

But, in order to settle the practice, it may be well to add a few words with respect to this matter of form. It does not seem to me that the allegation in question is, on any ground, objectionable. The first section of this statute gives a right of action whenever the death of a person is caused by such wrongful act, neglect or default, as would have laid a ground of action if death had not ensued; and the second section vests, in general terms, this right of suit in the personal representatives of such deceased person. Had the provision stopped at this point, the gravamen of the right of suit would have consisted of the death from an actionable act, and the circumstances of the plaintiff being the representative of the deceased. But the statute makes a further regulation, and the statute must be construed as a whole. It further declares that "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person," and shall be admeasured by the jury with reference to the pecuniary injury resulting to them from his death. This clause introduces into the cause of action a new ingredient. Looking at both sections it is the clear intent to give the widow, or next of kin, or both, a remedy for the injury which they sustain from the wrongful act occasioning the death. The representative of the deceased, in bringing the action, is, *pro hac vice*, the agent of these parties. He is interested in the proceedings in no other capacity. The moneys recovered can, in no event, be assets in his hands. The result, therefore, is that the declaration must show that there is in existence a person or persons injured, to whose benefit a recovery will enure. Unless this is the case no right of action has arisen, and the plaintiff would be non-suited at the trial. The consequence is, that if, in this declaration, there had been no allegation that a widow or next of kin survived the deceased, it would have been faulty, and, on motion, would have been required to be amended. But it does not appear to me that the pleader need go beyond this point. It is not necessary for him to give the names of the widow or next of kin. The degree of certainty requisite in a matter of

this kind is not prescribed in any legal table of enumerated cases, but is rather a subject to be settled, as the emergency arises, by judicial judgment. On a general averment of the present kind an issue can be conveniently formed; and if the defendant, for the purposes of the trial, is desirous of further information, the third section of the act accords to him the opportunity, by providing for a bill of particulars. The additional allegation contained in the present declaration that the damages sustained by the widow and children are of a pecuniary nature is certainly proper, although it does not seem absolutely indispensable. The English statute, although it does not, in terms, contain such a requisition restricting the damages to the pecuniary loss, has had, by construction, the same effect given to it; yet, I do not find any reported case, arising under that system, in which the averment in question appears to have been entered in the declaration. The pleadings seem to show the existence of the person entitled to the damages, and nothing more. *Blake* v. *Midland R. R. Co.*, 18 *Queen's B.* 94; *Pym* v. *Great N. R. R. Co.*, 4 *Best & Smith* 396; *Skelton* v. *London & N. W. R. R. Co.*, *L. R.* 2 *C. P.* 631. In the case of *Lucas* v. *The New York Central R. R. Co.*, 21 *Barb.* 245, it was held that the complaint must show that the deceased left a person entitled to the damages. This, I think, is the correct form of pleading.