65 N.J. Super. 453 (1961)
168 A.2d 69
FAITH KOTKIN AND ROSEMARY HOOTON, AS ADMINISTRATICES, ETC., PLAINTIFFS-APPELLANTS,
v.
RALPH G. CAPRIO AND MARIE S. CAPRIO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1961.
Decided February 16, 1961.
*454 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Horace G. Davis argued the cause for the plaintiffs-appellants.
Mr. Stanley Perwin argued the cause for the defendants-respondents (Messrs. Schneider, Lustbader & Morgan, attorneys).
PER CURIAM.
Plaintiffs appeal from a judgment which dismissed their complaint on the ground that the cause of *455 action therein alleged was barred by N.J.S. 2A:14-2, the statute of limitations applicable to personal injury actions.
In Hewitt v. Hollahan, 56 N.J. Super. 372, 377 (App. Div. 1959) we said:
"From time to time we have been compelled to point out that imprecise pleadings often lead to error. Cf. State v. Arbus, 54 N.J. Super. 76 (App. Div. 1959); Board of Education, Woodbridge Tp. v. Kane Acoustical Co., 51 N.J. Super. 319 (App. Div. 1958). The reason for this must be fairly obvious. A vague complaint, full of generalities, frequently indicates that the pleader has not thought through his cause of action, and does not yet know precisely upon what theory he will present his case. Consequently, unless he learns more about his case before he comes to trial, he may come without the evidence necessary to support the only theory upon which he can prevail.
A vague pleading in turn tends to confuse the adversary and the court. The defendant may understand plaintiff's pleading differently than the plaintiff does himself, while the court may make even a third interpretation of it.
We regret that we are unable to decide this appeal without pointing out that this case is an example of the foregoing. * * *"
And we regret that this is another such case. The complaint is so poorly drawn that the trial court, with good cause, construed it to be one for personal injuries only. Consequently, since the accident had happened May 2, 1957 and the complaint was filed May 29, 1959, the court ruled that the two-year limitation in N.J.S. 2A:14-2 barred the action.
Plaintiffs admit that the personal injury claim was barred, but argue that the complaint was also intended to allege a cause of action under the Death Act, N.J.S. 2A:31-1 et seq., and since the injured woman, Catherine Dilks, died June 13, 1957, less than two years before the filing of the complaint, it was timely under N.J.S. 2A:31-3, which provides "Every action brought under this chapter shall be commenced within 2 years after the death of the decedent, and not thereafter."
Except for whatever inferences might be drawn from the fact that the administrator ad prosequendum is a plaintiff, *456 the complaint contains no hint, even in general terms, that the decedent left any survivors for whose benefit said administrator is entitled to bring an action under the Death Act. This should be alleged. McGlone, Adm'r v. New Jersey R.R. & T. Co., 37 N.J.L. 304 (Sup. Ct. 1875); Hamilton v. Bordentown Electric Light & Motor Co., 68 N.J.L. 85 (Sup. Ct. 1902); Zipple v. Sandford & Harris Co., 58 A. 176 (Sup. Ct. 1904); cf. Cooper v. Shore Electric Co., 63 N.J.L. 558 (E. & A. 1899); Soden v. Trenton, etc., Traction Corp., 101 N.J.L. 393 (E. & A. 1925); Turon v. J. & L. Construction Co., 8 N.J. 543 (1952); Carianni v. Schwenker, 38 N.J. Super. 350 (App. Div. 1955). Here, on the contrary, the only loss or damage alleged in the complaint is that:
"4. By reason of the injuries sustained by the said Catherine Dilks and her subsequent death, the plaintiffs were forced to expend large sums of money in efforts to effect a cure and recovery and subsequently for her interment."
If it was intended to sue for the injuries on behalf of the estate, as well as under the Death Act, the two claims should not have been lumped, as they have been here, in a single count. Soden v. Trenton, etc., Traction Corp., supra.
At oral argument, in response to our inquiry, plaintiffs' counsel said Mrs. Dilks left survivors entitled to the benefits of the Death Act, and, with our permission, he has since advised us and defendants, by letter, of their names and ages. From the letter it appears that Mrs. Dilks left four children, of whom plaintiff Faith Kotkin is one; two were minors at the time of her death, and at least one was actually dependent upon her.
The fact that the action is by the administrator ad prosequendum as one of the plaintiffs proves that the complaint was intended to allege a cause of action under the Death Act. Therefore, if the action is timely under that act, we hold that justice demands that the administrator ad prosequendum be given the right to amend the complaint *457 to strip it of the allegations that do not pertain to an action under the Death Act, and to add the allegations that do. McGlone, Adm'r v. New Jersey R.R. & T. Co., supra.
However, defendants insist that the action is barred even under the Death Act. The argument is that, even though Mrs. Dilks died within six weeks of the accident, since her right to sue for her injuries passed to her estate under N.J.S. 2A:15-3, the statute of limitations continued to run against the personal injury claim in spite of her death; and once that action was barred, two years after the accident, no action could thereafter be instituted under the Death Act. Defendants admit they know of no case so holding, but argue that this conclusion is compelled by the ratio decidendi of Biglioli v. Durotest Corp., 44 N.J. Super. 93, 105 (App. Div. 1957), affirmed 26 N.J. 33 (1958), Knabe v. Hudson Bus Transportation Co., 111 N.J.L. 333 (E. & A. 1933), and Coulter v. New Jersey Pulverizing Co., 11 N.J. Misc. 5 (Sup. Ct. 1932). Compare, however, Altzheimer v. Central R.R. Co., 75 N.J.L. 424 (Sup. Ct. 1907); 16 Am. Jur., Death, § 175, p. 117; Annotations: 167 A.L.R. 894, 900; 174 A.L.R. 815, 829.
We find defendants' argument to be without validity under our Death Act. That argument could be made with much greater plausibility under a statute such as the Federal Employers' Liability Act (45 U.S.C.A. § 56) which lumps actions for injury and death in one section (§ 52) and provides (§ 56) that no action shall be maintained for either "unless commenced within three years from the day the cause of action accrued." The provision of our N.J.S. 2A:31-3, supra, that actions under the Death Act "shall be commenced within 2 years after the death of the decedent," is greatly different, as the above mentioned A.L.R. annotations point out. Nevertheless, even under the Federal Employers' Liability Act, the argument advanced by the defendants has been rejected. Dusek v. Pennsylvania R. Co., 68 F.2d 131 (7 Cir. 1933). Compare Varveris v. United States Lines Company, 141 F. Supp. 874 (D.C.S.D.N.Y. *458 1956); and see St. Francis Hospital v. Thompson, 159 Fla. 453, 31 S.2d 710 (Sup. Ct. 1947).
Under our statutes, when the injured person dies as a result of the accident while he still has a cause of action for his injuries, the cause of action for his injuries passes to his estate, while a new and separate cause of action, with its own statute of limitations, arises in favor of the beneficiaries named in the Death Act. Soden v. Trenton, etc., Traction Corp., supra; Turon v. J. & L. Construction Co., supra. See also Prudential Insurance Co. v. Laval, 131 N.J. Eq. 23 (Ch. 1942). Consequently, the action on account of Mrs. Dilk's death is not barred.
The judgment is reversed and the case is remanded to the trial court with leave to the plaintiff administrator ad prosequendum to move to amend the complaint in the manner indicated. The motion is to be made within 20 days after our mandate goes down to the trial court, and is to be supported by a copy of the proposed amended complaint.
No costs.