138 N.J. Super. 119 (1975)
350 A.2d 283
JAMES DUFFY, ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF KATHERINE DUFFY, PLAINTIFF-APPELLANT,
v.
DR. J. ACKERHALT AND DR. E.P. HEALEY, DEFENDANTS, AND DR. MATTHEW J. BROZYNA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1975.
Decided December 23, 1975.
*121 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Gelman & Gelman, attorneys for appellant (Mr. Donald L. Mantel, on the brief).
Messrs. McDonough, Murray & Korn, attorneys for respondent (Mr. James W. Taylor, on the brief).
PER CURIAM.
This medical malpractice case concerns yet another facet of the applicability of the so-called "discovery" rule exception to the bar of the statutory period of limitations. Plaintiff's decedent was last treated by defendant Brozyna, respondent herein, on December 29, 1971. For the purposes of this appeal it is admitted that at that time and for some preceding period of time decedent had been complaining to defendant of chest pains, loss of weight and appetite, recurring fever, body soreness and pains. She was advised that nothing was the matter with her and was given a prescription for aspirin. During January and February 1972 decedent sought the advice of the other two physicians in this matter. No treatment was rendered. On March 11, 1972 she was taken to a hospital emergency room and died within three hours of arrival. An autopsy was performed and the cause of death was determined to be subacute bacterial endocarditis, a bacterial inflammation of the muscle lining of the heart. Plaintiff contends that it was the results of the autopsy report which first alerted him to the possibility of defendant-respondent's malpractice. Suit was instituted on January 7, 1974 seeking recovery for the alleged wrongful death of decedent and, in a separate count, for decedent's pain and suffering proximately resulting from *122 defendant's alleged malpractice. Both counts charged defendant with malpractice in having failed to properly diagnose a serious medical condition and render appropriate treatment therefor in derogation of accepted medical standards. Defendant's motion for summary judgment was granted on the ground that the suit was not timely. Plaintiff appeals.
We conclude that the count for wrongful death was erroneously dismissed. Death occurred on March 11, 1972 and suit based thereon filed on January 7, 1974, less than two years from the date of death, was clearly within time. N.J.S.A. 2A:31-3; Kotkin v. Caprio, 65 N.J. Super. 453 (App. Div. 1961), certif. den. 34 N.J. 470 (1961). See also Lawlor v. Cloverleaf Memorial Park Inc., 101 N.J. Super. 134 (Law Div. 1968), aff'd in part and rev'd in part 106 N.J. Super. 374 (App. Div. 1969), rev'd 56 N.J. 326 (1970).
The second count of the complaint, however, seeking recovery for decedent's pain and suffering as well as medical expenses proximately resulting from the defendant's alleged malpractice was not brought within the statutory two-year period. The last date of treatment was December 29, 1971 and suit was instituted several days after passage of the two-year statutory period of time. It is with respect to this claim, the so-called survival action, that plaintiff seeks the indulgence of the discovery rule which, if it applies, defers accrual of a cause of action for malpractice until the date on which the plaintiff knew or should have known that her continued illness was attributable to the fault or neglect of the defendant. Lopez v. Swyer, 62 N.J. 267 (1973).
Defendant contends initially that the relief afforded by the discovery rule is not available to cases involving an alleged negligent diagnosis, but is rather confined to instances of foreign bodies left within a patient or affirmative injury to a patient clearly bespeaking negligent treatment. We disagree with this contention. Lopez rejected the notion that the discovery rule was restricted to foreign body malpractice *123 actions. Id. at 273. The rule has relevance "whenever equity and justice have seemed to call for its application." We perceive no reason why a claim of negligent diagnosis should, simply because of the nature of the malpractice claimed, fall into a different category rendering the discovery rule unavailable. Cf. Rothman v. Silber, 90 N.J. Super. 22 (App. Div. 1966), certif. den. 46 N.J. 538 (1966). See Greninger v. Fischer, 81 Cal. App.2d 549, 184 P.2d 694 (D. Ct. App. 1947); Costa v. Regents of Univ. of California, 116 Cal. App.2d 445, 254 P. 2d 85 (D. Ct. App. 1953). If application of the discovery rule is otherwise appropriate, the relief afforded thereby should not be denied simply because the act of malpractice concerns an allegedly negligent diagnosis. Such cases should be treated as all others in determining whether permission to sue after the statutory period has expired should be granted.
The trial judge declined to apply the discovery rule because plaintiff's knowledge of the possible claim against defendant was obtained early in the two-year statutory period and plaintiff had adequate time within that period to institute suit; the judge concluded that plaintiff had "slept upon his rights." It is, however, unnecessary for us to rule on this conclusion since we take the view that the pendency of the death action against the same defendant based upon the same alleged acts of malpractice completely obviates the possibility of any prejudice to such defendant in defending against this claim, particularly where death occurred less than three months after the alleged malpractice.
The discovery rule has its genesis in considerations of equity. Lopez v. Swyer, supra. Hence in each case in which application of the discovery rule is sought, the competing equitable claims of the parties thereto must be identified, evaluated, and weighed. Here, the time lapse between the alleged malpractice and discovery and death was short, approximately three months; the suit was filed within a few days following expiration of the statutory period; the defendant must defend against the wrongful death claim based *124 upon the same alleged act of malpractice; the brief delay was not intentional. Although survival and wrongful death are separate causes of action, they do, in this case, share a common factual nexus, the only difference being in the nature of damages recoverable in the event plaintiff prevails; in the survival action, unlike the death action, plaintiff would be entitled to damages for decedent's pain and suffering proximately resulting from defendant's malpractice together with causally related medical and other out of pocket expenses. The substantial identity of the two causes of action together with the brief delay in filing the survival action persuades us that defendant will suffer no prejudice. No good reason therefore appears to bar this suit.
Judgment is reversed and the matter is remanded for trial.