80 N.J. Super. 398 (1963)
193 A.2d 870
MARTHA DE SISTO, PLAINTIFF,
v.
THE CITY OF LINDEN, A MUNICIPAL CORPORATION, AND RICHARD T. KARLINCHAK, DEFENDANT, AND THE CITY OF LINDEN, A MUNICIPAL CORPORATION, THIRD-PARTY PLAINTIFF,
v.
NICHOLAS DI IORIO AND ALEXANDER DI IORIO, INDIVIDUALLY AND T/A DI IORIO & DI IORIO, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 13, 1963.
*399 Mr. Bernard Herman, for plaintiff Martha De Sisto.
Mr. Walter A. French, for defendant City of Linden (Messrs. Doyle, Galvin, French & Melhuish, attorneys).
Mr. Leon Klein, for defendant Richard T. Karlinchak.
Mr. Morris R. Zucker, for defendants Nicholas Di Iorio and Alexander Di Iorio (Messrs. Kristeller, Zucker, Lowenstein & Cohen, attorneys).
FULOP, J.C.C. (temporarily assigned).
At the pretrial in this action plaintiff was granted leave to file and serve a complaint against the third-party defendants Di Iorio (hereinafter referred to as an entity) within ten days and *400 said third-party defendant was allowed 20 days after service thereof within which to answer. The complaint has been filed and served and third party defendant moves to strike it out upon the ground that the cause of action therein asserted is barred by the statute of limitations.
On November 20, 1962 plaintiff instituted her action against the City of Linden and the driver of an automobile in which she was a passenger for personal injuries allegedly resulting from negligence suffered on May 20, 1961. Plaintiff alleged that the city had caused a manhole to be constructed so as to protrude above the level of incompleted street paving and had placed no barriers or warnings to prevent the public from driving over the area. The car in which plaintiff was a passenger drove over the street at night and struck the manhole, causing plaintiff to be thrown against the windshield and injured.
On February 26, 1963 the City of Linden filed a third party complaint against Di Iorio, the contractor constructing the sewer and paving the street for the city. The third-party complaint is in two counts. The first count sets up the contract between the city and Di Iorio under which the contractor agreed to take all precautions against damage or accident to vehicles and passersby and persons and property generally during the work. It also agreed "to settle" all suits or claims arising out of such damage or accident and to indemnify and save and hold the city harmless therefrom. Under this contract the city sought a judgment against Di Iorio indemnifying it against plaintiff's claim. The second count alleged negligence by Di Iorio causing the injuries to plaintiff, and sought contribution from Di Iorio as a joint tortfeasor.
Di Iorio answered the third-party complaint, and also answered the plaintiff's complaint, as it had a right to do under R.R. 4:14-1. In the answer to the city, Di Iorio denied negligence and included a counterclaim for contribution by the city and the driver of the car as joint tortfeasors.
*401 In the answer to the plaintiff, Di Iorio did not answer the allegations of the complaint "because they do not apply." Di Iorio did, however, set up the negligence of plaintiff and of third parties as affirmative defenses. Di Iorio also demanded a statement of damages under R.R. 4:8-1 and took plaintiff's deposition by way of discovery.
The absence of a direct claim by plaintiff against Di Iorio was apparently overlooked by plaintiff's attorney until the pretrial. It was filed more than two years after the personal injuries were inflicted. As above indicated, Di Iorio contends that the filing of the direct claim against it by plaintiff constitutes the commencement of an action more than two years after the cause of action accrued and is barred by N.J.S. 2A:14-2.
Plaintiff contends that by the leave granted in the pretrial order to file the new pleading, Di Iorio is barred from setting up the statute of limitations. The pretrial order provides that Di Iorio may answer the new pleading within 20 days after service and that, if new matter is presented, an additional pretrial is to be held. It seems clear that Di Iorio has the right to set up any defense to which it is entitled and that the defense of the statute of limitations was not in any way passed upon by the mere leave granted plaintiff to file her pleading. The proper time to pass upon defenses is when the claim and the defenses have been pleaded. My recollection is that the possibility of the bar of the statute was mentioned at the time of the granting of leave to plead and that I expressly provided for the filing of an answer so that the question might be presented, if desired, in the normal course. Di Iorio objected to the granting of leave to the plaintiff to plead and waived none of its rights. If the pretrial order is not as clear on this point as it needs to be, then it may be amended to that effect.
The question is now properly raised by motion since the facts upon which the defense of the statute of limitations is based appear upon the face of the pleading. Feil v. Senisi, 7 N.J. Super. 517 (Law Div. 1950).
*402 The time limitation on the institution of an action is governed by statute. The court has no power to exercise discretion to allow the institution of an action after it has been barred by the statute.
However, the question as to when an action has been commenced is governed by the rules of court and requires construction of the rules to meet the specific situation.
R.R. 4:3-1 provides:
"A civil action is commenced by filing a complaint with the court."
Plaintiff did not file a complaint against the defendant Di Iorio within two years after the accrual of the cause of action. Plaintiff did file a complaint and did institute an action within two years against the other parties. Also within the two year period, Di Iorio was joined as third party defendant in the same action.
R.R. 4:14-1 provides, inter alia, that:
"The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 4:12 and his counterclaims and crossclaims as provided in Rule 4:13."
Third-party defendant contends that plaintiff may not now amend her complaint to assert a claim directly against the third-party defendant, because plaintiff's cause of action against third-party defendant was barred by the statute of limitations before the amendment was allowed or filed. On behalf of plaintiff it is contended that there is no new cause of action asserted because the same claim has been asserted against third-party defendant through defendant, that the assertion of a claim directly against third-party defendant is merely an amended pleading based on the same occurrence as the original pleading and relates back to the date of the original pleading under R.R. 4:15-3, and that no new party *403 is being added, and the amendment is merely a change of theory.
There appears to be no New Jersey case directly in point. However, there are a number of federal trial court decisions holding that such an amendment may not be permitted. Hankinson v. Pa. R.R. Co., 160 F. Supp. 709 (E.D. Pa. 1958); Carlise v. Monongahela Ry. Co., 16 F.R.D. 426 (W.D. Pa. 1954); Horan v. Pope and Talbot, Inc., 119 F. Supp. 711 (E.D. Pa. 1953); Lommer v. Scranton-Spring Brook Water Service Co., 3 F.R.D. 27 (M.D. Pa. 1943). This is stated to be the rule at 3 Moore's Federal Practice (2d ed.), § 14.09, supplement to page 422 at note 7, and in 1A Barron & Holtzoff, Federal Practice and Procedure, § 427, at note 77. The cited cases do not examine the question in depth but generally announce that a new cause of action may not be pleaded after the expiration of the statutory period of limitations.
In 1A Barron & Holtzoff, op. cit., § 448, it is stated:
"Unfortunately many of the decisions on these questions [amendment of pleadings] persist in speaking in terms of `cause of action' instead of `claim for relief.' The rules nowhere make use of the term `cause of action.' The reasons are obvious. The term itself is `so elusive of definition and the results achieved by the courts so varied, often at the expense of justice that it can hardly be mere chance that the new rules attempted to establish a new test."
Our R.R. 4:15-3 is taken from the federal rule. It reads as follows:

"4:15-3. When Amendments Relate Back.
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading."
The purpose is the same as that of the federal rule. See Levey v. Newark Beth Israel Hospital, 17 N.J. Super. 290 *404 (Law Div. 1952). Our courts have nevertheless retained the use of the term "cause of action" but have defined it to avoid the injustice of denying relief merely because plaintiff has failed to plead properly. The definition projected by our prior and present court of last resort, and quoted repeatedly, appears in Rygiel v. Kanengieser, 114 N.J.L. 311 (E. & A. 1935, Heher, J.), and in Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949, Ackerson, J.), as follows:
"* * * `an amendment will not, as a rule, be held to state a new cause of action, if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same.' * * * `"Gist" is "the essential ground or object of the action in point of law, without which there would be no cause of action; the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; * * *."'"
In the recent case of Tackling v. Chrysler Corp., 77 N.J. Super. 12 (Law Div. 1962), Judge Halpern allowed an amendment from negligence to breach of warranty after the running of the statute of limitations. He said:
"Certainly one cannot, under the pretext of amending a complaint, state a new or different cause of action from the one originally pleaded.
However, courts should be liberal in allowing amendments to save actions, if possible, from the bar of the statute of limitations. Courts should disregard subtleties and answer technical objections by an honest effort to determine the real issues on their merits and to do substantial justice between litigants."
In the present case, under the above definition, plaintiff is not seeking to add a new cause of action, for the essential ground or object of the action and the wrong alleged are the same. Nor is a new party being added, for third-party defendant is already a party defending against plaintiff's claim on all of the same issues. The one difference is that plaintiff never asserted a claim directly against third-party defendant until after the running of the statutory period.
*405 Third-party defendant was notified of the claim by process and a pleading in time. Bayonne v. Murphy & Perrett Co., 7 N.J. 298 (1951); Mears v. Economy Brake Service, Inc., 78 N.J. Super. 218 (App. Div. 1963).
In Barthel v. Stamm, 145 F.2d 487 (5 Cir. 1944), certiorari denied 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945), the Court of Appeals said:
"* * * the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement."
Plaintiff may be deprived of what may be a just recovery for a defect in pleading if the amendment is not permitted.
In New York Cent. & H.R.R. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 67 L.Ed. 294 (1922), Mr. Justice Holmes said for the United States Supreme Court:
"* * * Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."
In Housing Authority of Union City, etc. v. Commonwealth Trust Co., 25 N.J. 330 (1957), our Supreme Court has stated the purposes of statutes of limitations as follows:
"These statutes create repose. They are `practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost.' Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945), quoted in State by Parsons v. Standard Oil Co., 5 N.J. 281, 295 (1950). Their primary purpose is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend. History shows the first statutes of limitations were passed by the English Parliament when `abuses from stale demands became unendurable.'" 1 Wood, supra, at § 2. *406 Accord, 53 C.J.S. Limitations of Actions § 1(b) (1). See the following in note 19:
"The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."
A new party may not be added after the statute has run. A new claim different in character arising out of other circumstances than those set forth in the original pleading may not be added. However, a new claim based on the same occurrences and the same wrong against an existing party may be asserted when that party has become a party and has been alerted to the claim before the running of the statute. While the question is a troublesome one and by no means clear, it would seem that the amendment in this case constitutes a mere amendment of legal theory and should be allowed.
The motion to strike will be denied.