90 N.J. Super. 1 (1965)
215 A.2d 801
JAMES TAYLOR, PLAINTIFF,
v.
LOYAL ORDER OF THE MOOSE, LODGE NO. 913, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
HENRY SOKOLINSKY, TRADING AS HENRY VENDING CO., THIRD-PARTY DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
H. BETTE & SONS, INC., (IMPROPERLY PLEADED AS BETSON ENTERPRISES, INC.) AND FISHER SALES & MANUFACTURING CO., DEFENDANTS AND THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 21, 1965.
*2 Mr. Bernard R. Lafer for plaintiff James Taylor.
Mr. James W. Hurley for defendant and third-party defendant Loyal Order of the Moose, Lodge No. 913.
*3 Mr. Mark L. Stanton for third-party plaintiff and third-party defendant Henry Sokolinsky, trading as Henry Vending Co. (Messrs. Doren & Stanton, attorneys).
Mr. John W. Taylor for defendant and third-party defendant H. Bette & Son, Inc. (improperly pleaded as Betson Enterprises, Inc.).
Mr. Thomas F. Hueston for defendant and third-party defendant Fisher Sales & Manufacturing Co. (Messrs. Hueston & Hueston, attorneys).
FELLER, J.S.C.
Plaintiff instituted his action on December 6, 1963 against the Loyal Order of the Moose, Lodge No. 913; Henry Sokolinsky, trading as Henry Vending Co., and Fisher Sales & Manufacturing Co., for personal injuries allegedly resulting from certain equipment that was negligently maintained. It is alleged that plaintiff was an invitee on the premises operated by defendant Loyal Order of the Moose, and that it so negligently maintained the equipment as to cause injury to plaintiff. The second count of the complaint alleges that defendant Henry Sokolinsky owned the defective equipment and rented it to defendant Loyal Order of the Moose, and that he knew or should have known that the equipment was defective. The third count of the complaint alleges that defendant Fisher Sales & Manufacturing Co. manufactured the equipment in such a negligent and faulty manner as to cause the injury to plaintiff. The complaint alleges that the injury occurred on December 7, 1961.
Defendant Loyal Order of the Moose was granted leave on January 8, 1965 to join Sokolinsky, trading as Henry Vending Co., as a third-party defendant. Sokolinsky was granted leave on March 22, 1965 to join as third-party defendants Fisher Sales & Manufacturing Co. and Betson Enterprises, Inc. In the answer to the third-party complaint filed by Sokolinsky it appears that H. Bette & Sons, Inc. was incorrectly designated as Betson Enterprises, Inc.
*4 On May 27, 1965 an order was entered dismissing the original complaint as to defendant Sokolinsky. Sokolinsky remains in this action as a third-party defendant joined by defendant Loyal Order of the Moose.
On June 18, 1965 plaintiff was granted leave to amend the complaint to include H. Bette & Sons, Inc., third-party defendant, as a defendant. In its answer to the amended complaint, H. Bette & Sons, Inc. (Bette) asserted as a defense that the plaintiff's cause of action accrued more than two years prior to the institution of the action against it and is therefore barred by the statute of limitations. Bette now moves for judgment on the pleadings.
The applicable statute is N.J.S. 2A:14-2 which provides that:
"Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued."
Before we can determine if the claim against Bette is barred by statute, we must determine when the statutory period expired and acted as a bar to further claims by plaintiff.
Plaintiff's cause of action accrued with the injury on December 7, 1961. Under applicable case law, he had until December 9, 1963 to file his complaint arising out of that injury. The principles to be followed in computing the time were set forth in detail in the case of Poetz v. Mix, 7 N.J. 436 (1951), wherein the court said:
"* * * It was early established in this State, in accordance with the prevailing view elsewhere, that in computing time under the statute of limitations the day on which the cause of action accrued is not to be counted. [Citations omitted] Therefore, since the plaintiff's cause of action in the instant case accrued on July 16, 1947, the two-year limitation period established by the statute was reached on July 16, 1949, which happened to be a Saturday. * * *
Although there is a diversity of opinion elsewhere, it is well settled in this State that where, by statute, an act is due arithmetically on a day which turns out to be a Sunday or legal holiday, it may be lawfully performed on the following day, and if that day be also a dies *5 non on which the public offices are closed to the transaction of business, according to the `holiday acts,' supra, a similar rule applies. * * * While these cases do not involve the application of the general statute of limitations, nevertheless, the same principle is invocable. Recognizing the conflict of authority in other jurisdictions, we believe the better view to be that where the last day of the period prescribed by the statute of limitations for commencing an action (in the absence of a controlling statute to the contrary) falls on a Sunday or a legal holiday * * * when public offices are legally closed to the transactions of business, such an action commenced on the next day which is not a dies non is not too late. * * *
We think it must be assumed that the Legislature, in enacting the so-called `holiday acts' (R.S. 36:1-1 and R.S. 36:1-1.1) whereby designated days are made dies non when the public offices of the State are not open for the transaction of business, was not unmindful of the general statute of limitations and did not intend the first-mentioned enactments to have the effect of further limiting the period in which actions for the redress of wrongs might be commenced by the filing of complaints in the clerks' offices of our courts. But, on the contrary, contemplated that such days, when coming at the end of the limitation period, would be excluded in computing the actual termination thereof. The matter is one of statutory construction, and in reaching the foregoing conclusion we do not read an exception into the statute of limitations; instead we harmonize, as far as possible, two somewhat conflicting statutes to arrive at what we believe to be the real legislative intent. * * * Such construction will best protect the interests of litigants and must for that reason be presumed to carry into effect the legislative intent. * * *" (at pp. 445-446)
N.J.S.A. 36:1-1.1, as amended and effective August 5, 1955, provides that:
"Each Saturday in each year shall, for all purposes whatsoever as regards the transaction of business in the public offices of this state, and the counties and municipalities in this state, be considered as the first day of the week, commonly called Sunday, and as public holidays."
Thus, in this case plaintiff's cause of action accrued on December 7, 1961 and the statute would normally have run on December 7, 1963. However, December 7, 1963 fell on a Saturday and December 8, 1963 fell on a Sunday, and it would have been impossible to file a complaint on either of those two days. Therefore, the statute would not bar a complaint filed on Monday, December 9, 1963. Any complaint filed after December *6 9, 1963, however, would be barred by the statute of limitations. See Bauer v. Bauer, 63 N.J. Super. 225 (App. Div. 1960).
The original complaint was filed on December 6, 1963, within the time allowed. That portion joining Sokolinsky was later dismissed. However, Bette was not joined at that time, nor before the statute acted as a bar on December 9, 1963. Bette was first brought into the action when leave was granted allowing Sokolinsky to join it as a third-party defendant on March 22, 1965, more than three years after the injury to the plaintiff.
The only case that might give support to plaintiff in seeking to join Bette at such a late date is De Sisto v. City of Linden, 80 N.J. Super. 398 (Law Div. 1963), wherein the court allowed a plaintiff to join a third-party defendant as a direct defendant after the two-year period had expired. It is essential, then, that we examine De Sisto to determine its precise holding.
In De Sisto the injury to plaintiff was suffered on May 20, 1961. The action was instituted on November 20, 1962, when plaintiff instituted her action against the City of Linden and the driver of an automobile in which she was a passenger. She alleged that the city had caused a manhole to be constructed so as to protrude above the surface of the street and had placed no barriers or warnings around the area. The car in which she was a passenger drove over the street at night, struck the manhole, and the injury resulted when she was thrown against the windshield.
A third-party complaint was filed by the city on February 26, 1963 against DiIorio, the contractor constructing the sewer and paving the street for the city, alleging in the second count that DiIorio had been negligent and had thereby caused plaintiff's injuries. DiIorio answered the third-party complaint and also answered plaintiff's complaint, as is permitted under R.R. 4:14-1. Plaintiff's attorney apparently overlooked the fact that no direct claim had been filed against DiIorio until after the two-year period had elapsed, even *7 though DiIorio had demanded a statement of damages from plaintiff and had taken her deposition by way of discovery. When the case came to pretrial plaintiff's attorney moved for leave to join DiIorio as a party defendant, and this motion was granted as a part of the pretrial order.
After the amended complaint had been served on DiIorio and after answer filed, DiIorio moved to have the claim against it stricken on the ground that the cause of action was barred by the statute of limitations. Plaintiff contended that since the court had granted leave to join DiIorio, DiIorio was barred from setting up the statute of limitations. The trial judge held that DiIorio was entitled to plead all defenses in its answer, and the simple act of granting leave to join DiIorio could not act as a bar to any valid defense. The court noted that "The proper time to pass upon defenses is when the claim and the defenses have been pleaded." The court continued:
"The question is now properly raised by motion since the facts upon which the defense of the statute of limitations is based appear upon the face of the pleading. * * *
The time limitation on the institution of an action is governed by statute. The court has no power to exercise discretion to allow the institution of an action after it has been barred by the statute." (80 N.J. Super., at pp. 401-402)
The court, however, noted the special set of circumstances that were present in De Sisto. The party plaintiff had joined as defendant after the statute had run, was a party to the action through a third-party complaint before the statute had run against plaintiff. DiIorio was therefore on notice about plaintiff's injury and its possible liability to her before the statute had run. The court in De Sisto made it very clear that these were special circumstances when it held:
"A new party may not be added after the statute has run. A new claim different in character arising out of other circumstances than those set forth in the original pleading may not be added. However, a new claim based on the same occurrences and the same wrong against an existing party may be asserted when that party has become *8 a party and has been alerted to the claim before the running of the statute." (at p. 406)
Thus, it is evident that the holding in De Sisto was based on a very special set of circumstances and is not to be expanded beyond them. Those circumstances are not present in this case. Here the third-party defendant was not brought into the action before the statute had run against plaintiff. In fact, it was well over a year after the statute expired before Bette was put on notice that the action had been commenced.
The motion will therefore be granted and plaintiff's amended complaint against Bette dismissed. Bette will remain a party to the action by reason of the third-party complaint filed against it by Sokolinsky, since the third-party complaint is not barred by the statute of limitations. Plaintiff is left to proceed with his action against defendant Loyal Order of the Moose.
An appropriate order may be submitted in accordance with R.R. 4:55-1.