105 N.J. Super. 582 (1969)
253 A.2d 814
VINCENZA GRECO AND FRANK GRECO, PLAINTIFFS-RESPONDENTS,
v.
VALLEY FAIR ENTERPRISES, ETC., DEFENDANT-THIRD PARTY PLAINTIFF,
v.
RAY DI BRIGIDA, THIRD PARTY DEFENDANT-FOURTH PARTY PLAINTIFF-APPELLANT,
v.
E. TAMBURELLI AND LITTLE FERRY REALTY CO., FOURTH PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 26, 1969.
Decided June 4, 1969.
*583 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Daniel R. Coburn argued the cause for appellant Ray Di Brigida (Messrs. Moskin & Weintraub, attorneys).
Mr. William W. Farrar argued the cause for respondents Vincenza Greco and Frank Greco (Messrs. Parisi, Evers & Greenfield, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Pursuant to leave granted, third-party defendant Ray Di Brigida appeals from an order permitting plaintiffs to amend their complaint to join him as a defendant after the expiration of the two-year statute of limitations (N.J.S. 2A:14-2).
On April 21, 1967 plaintiffs instituted suit against Valley Fair Enterprises, Inc. (Valley Fair) for personal injuries sustained by Mrs. Greco and consequential damages to her husband as the result of the former's fall on the steps and entranceway of one of Valley Fair's stores on January 8, 1966. On July 3, 1967 Valley Fair filed a third-party action against Di Brigida seeking indemnification or contribution by reason of his asserted negligence. Thereafter, Di Brigida cross-claimed against Valley Fair and, pursuant to further orders of the court, filed fourth-party complaints against Tamburelli and Little Ferry Realty Co.
On December 19, 1968 the Grecos sought and obtained leave to amend their complaint to join Di Brigida as a direct defendant. The latter appeals, urging that the statute of limitations barred the amendment.
It is conceded that the facts before us are substantially on all fours with those in De Sisto v. City of Linden, 80 N.J. Super. 398 (Law Div. 1963). In that case an amendment to plaintiff's complaint, made after the expiration of the statutory two years, which brought in as an additional party one who had been made a third-party defendant prior to the expiration of the statute, was upheld. The court there held *584 that "a new claim based on the same occurrences and the same wrong against an existing party may be asserted when that party has become a party and has been alerted to the claim before the running of the statute" (at p. 406). Di Brigida urges that we should not follow De Sisto, pointing out that it is at variance with a number of cases decided under the federal rules and was questioned in Lawlor v. Cloverleaf Memorial Park, Inc., 101 N.J. Super. 134 (Law Div. 1968). See, however, Sinatra v. National X-Ray Products Corp., 26 N.J. 546, 555-556 (1958).
We are in accord with the court's reasoning in De Sisto and adopt the rule laid down therein. Specifically, a third-party defendant who was joined as such prior to expiration of the limitation period may, on plaintiff's motion to amend, be made a direct defendant after the expiration of that period provided the amended complaint is based upon the same occurrence and the same wrong referred to in the pending third-party complaint against him. We are satisfied that this holding accords with the spirit of our rules and is consistent with the objectives of repose and freedom from the burden of defending stale claims sought to be achieved by statutes of limitation. See Union City Housing Authority v. Commonwealth Trust Co., 25 N.J. 330, 335 (1957). As is readily apparent, when defendant has had timely notice that the plaintiff sets up and is seeking to enforce a claim against him because of specified conduct in which he has participated the reason for the statutory limitation no longer exists. See also, R.R. 4:9-3, effective September 8, 1969.
The judgment of the Law Division is affirmed.