453 So.2d 871 (1984)
John S. GATINS, etc., Appellant,
v.
SEBASTIAN INLET TAX DISTRICT, et al., Appellees.
No. 83-706.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
*872 Barbara J. Compiani of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, P.A., West Palm Beach, for appellant.
George A. Meier, III, and Craig L. Brams of Pitts, Eubanks, & Ross, P.A., Orlando, for appellees Beindorf & Associates and Reliance Ins. Co.
No appearance for appellee Sebastian Inlet Tax Dist.
FRANK D. UPCHURCH, Jr., Judge.
In July, 1981, John S. Gatins, individually and as personal representative of his daughter's estate, sued to recover damages for her wrongful death. His daughter, Mary Ellen Gatins, was killed on September 1, 1980, when she fell through an opening in a guardrail on a pier at the Sebastian Inlet State Park. It was alleged that Sebastian Inlet Tax District owned, maintained and controlled the pier. On August 16, 1982, Gatins filed a second amended complaint, adding Doctors Sarnowski and Lozito as defendants and alleging that his daughter had been provided with improper or inadequate medical care following her fall.
On August 31, 1982, just one day before expiration of the two year statute of limitations for wrongful death, the District answered the second amended complaint and filed a third party complaint against Beindorf and Associates, Inc., an engineering and construction firm which had constructed the pier. The District alleged that Beindorf had failed to properly carry out the District's instructions concerning the erection of a barrier across the opening in the pier railing.
Beindorf answered and denied liability and on December 2, 1982, with leave of court, Gatins filed a third amended complaint adding Beindorf as a party defendant. On February 11, 1983, Gatins moved to amend to add as a defendant Beindorf's insurer, Reliance Insurance Company.
Beindorf answered the third amended complaint, denied any negligence and raised as an affirmative defense the statute *873 of limitations. Beindorf subsequently moved for summary judgment based on expiration of the limitations period. The trial court entered summary judgment in favor of Beindorf and denied Gatins' motion to add Reliance as a party defendant.
The precise question raised here is whether the statute of limitations operates as a bar to the direct claim brought by Gatins against Beindorf after the limitations period had expired, even though Beindorf was impleaded as a third party defendant by the District within the limitations period.
Research has revealed no cases in Florida directly on point. Of the jurisdictions that have considered the issue, most have held that such claim is barred despite the fact that the party sought to be added was impleaded as a third party defendant within the limitation period. See Laliberte v. Providence Redevelopment Agency, 109 R.I. 565, 288 A.2d 502 (1972); J.G. Boyd's Good Housekeeping Shops, Inc. v. General Sec. Serv., 483 S.W.2d 826 (Tex.Civ.App. 1972); Higginbotham v. Fearer Leasing, Inc., 32 Mich. App. 664, 189 N.W.2d 125 (1971); Trybus v. Nipark Realty Corp., 26 App.Div.2d 563, 271 N.Y.S.2d 5 (1966); Abate v. Barkers of Wallingford, Inc., 27 Conn. Supp. 46, 229 A.2d 366 (1967); Holmes v. Capital Transit Co., 148 A.2d 788 (D.C. 1959); Hankinson v. Pennsylvania Railroad Co., 160 F. Supp. 709 (E.D.Pa. 1958).[1] Some of these cases, however, are distinguishable from the instant case. For instance, in Higginbotham, the Michigan appellate court emphasized that the plaintiff knew of the third party defendant's involvement in the automobile accident but failed to name him as a principal defendant until after the limitation period had expired. Here, the record indicates that Gatins was unaware of Beindorf's potential liability until the District filed its answer which was one day before expiration of the period. Likewise, in Capital Transit, the plaintiff only sought to add the defendant after trial when the jury found for the original defendant and by special interrogatory found that the third party defendant was negligent. Nevertheless, in most of these cases, the courts indicated that the plaintiff's desire to amend to add a third party defendant as a party defendant was tantamount to stating a new cause of action which was barred by the statute of limitations. See, e.g., Hankinson v. Pennsylvania Railroad Co. ("The amended complaint began the plaintiff's action on his claim against the [third party defendant] too late. It is of no avail to the plaintiff that the [defendant] began its action on its claim against the [third party defendant] in time").
Gatins relies on what appears to be the minority view in this area, which consists of a series of New Jersey cases. The first of these cases, DeSisto v. City of Linden, 80 N.J. Super. 398, 193 A.2d 870 (Law.Div. 1963), involved a suit by the plaintiff against the City of Linden for injuries suffered when the plaintiff's car struck a protruding manhole cover. Within the limitation period, the City filed a third party complaint against DiIorio, the contractor doing paving and sewer repairs for the City. Just before trial and outside of the limitation period, plaintiff's counsel sought and was granted leave to amend to join DiIorio as a party defendant. On appeal, the New Jersey appellate court approved with the following observations:
[P]laintiff is not seeking to add a new cause of action, for the essential ground or object of the action and the wrong alleged are the same. Nor is a new party being added, for third-party defendant is already a party defending against plaintiff's claim on all of the same issues. The one difference is that plaintiff never asserted a claim directly *874 against third-party defendant until after the running of the statutory period. Third-party defendant was notified of the claim by process and a pleading in time... .
* * * * * *
A new party may not be added after the statute has run. A new claim different in character arising out of other circumstances than those set forth in the original pleading may not be added. However, a new claim based on the occurrences and the same wrong against an existing party may be asserted when that party has become a party and has been alerted to the claim before the running of the statute. While the question is a troublesome one and by no means clear, it would seem that the amendment in this case constitutes a mere amendment of legal theory and should be allowed.
193 A.2d at 874-75.
In Greco v. Valley Fair Enterprises, 105 N.J. Super. 582, 253 A.2d 814 (App.Div. 1969), the court followed DeSisto and held that a third-party defendant who is joined as such prior to expiration of the limitation period may, on plaintiff's motion to amend, be made a direct defendant after the expiration of that period provided the amended complaint is based on the same occurrence and the same wrong referred to in the pending third-party complaint against him. The Greco court added:
[T]his holding accords with the spirit of our rules and is consistent with the objectives of repose and freedom from the burden of defending stale claims sought to be achieved by statutes of limitation.... As is readily apparent, when defendant has had timely notice that the plaintiff sets up and is seeking to enforce a claim against him because of specified conduct in which he has participated the reason for the statutory limitation no longer exists.
253 A.2d at 816.
In Lawlor v. Cloverleaf Mem. Park, 56 N.J. 326, 266 A.2d 569 (1970), the New Jersey Supreme Court approved the holdings of DeSisto and Greco and held that the amendment to the complaint must be deemed to relate back at least to the time of the filing of the third-party complaint. The court explained that:
When the third-party complaint was filed, the [third-party defendants] were made formally aware that they were being charged with negligence in the care of [plaintiff] and that they were being sought to be held liable for the damages suffered by [plaintiff] as the result of their negligence. From that point on they could not lie in repose but were called upon to prepare and defend. They had full and timely opportunity to do so and at no point did the negligence claims against them become stale. Though the plaintiff did not amend the complaint at the time of the filing of the third-party complaint so as to join the [third-party defendants] as direct defendants, the court rules and DeSisto were in the books and later amendment of the complaint with relation back should readily have been anticipated. The plaintiff's delay in amending the complaint did not in anywise prejudice the [third-party defendants] and we see no reason why it should now bar a just adjudication on the merits of the plaintiff's claims against them.
266 A.2d at 578.
Finally, in the later case of Ioannou v. Ivy Hill Park Section Four, Inc., 112 N.J. Super. 28, 270 A.2d 295 (Law.Div. 1970), the New Jersey appellate court was confronted with a situation where service of the third-party complaint was not made on the third-party defendants until after the expiration of the limitation period. The court held that neither actual service nor filing of the third party complaint within the statutory period was essential and the making of a motion to serve the third-party complaint within the limitation period rendered the Lawlor doctrine applicable, despite the fact that the third-party defendants may have actually been unaware of the plaintiff's action during the statutory period. The court rejected any claim that Lawlor and *875 its predecessors were founded on the existence of notice. Rather the court declared:
The basic premise upon which the Lawlor, DeSisto and Greco holdings rest is that the third-party action had been "commenced" and that the third-party defendant was a "party" to the overall litigation within the meaning of our rules of civil practice prior to the expiration of the statutory period. Having concluded that this was so in each instance, the court held in each case that the policy of the statute of limitations was satisfied and that the third-party defendant was therefore subject to the broad provisions of the rules without any qualification or limitation upon the plain meaning thereof imposed by the statute. It was held in each instance that the plaintiff's new direct claim against the third-party defendant was deemed to have arisen out of the "same transaction or occurrence" that was the subject matter of the plaintiff's claim against the third-party plaintiff, within the meaning of R.4:8-1(b) or its predecessor rule, and that it was deemed to have arisen out of the "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading" so that there was relation back, at least to the third-party complaint as an "original pleading," pursuant to the general rule as to relation back contained in the [rules of civil practice].
The important thing was that the third-party action had been commenced, as far as the third-party defendant was concerned, prior to the expiration of the statutory period, in accordance with our court rules, and that there was an original pleading, i.e., the third-party complaint, which antedated the running of the statute, to which there was relation back. There is no indication that actual service or notice were deemed to have supplanted the objective standards as to commencement of actions contained in the rules.
270 A.2d at 299-300.
We conclude that the New Jersey view is consistent with the principles governing limitations of actions in our state and with the philosophy behind our rules of civil procedure.
Case law in this state indicates that our limitation periods are designed to protect defendants against unusually long delays in filing of lawsuits and to prevent unexpected enforcement of stale claims. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Employers Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. 1976). If a third party complaint is filed within the applicable limitation period and the third party defendant is made aware that it may be held liable for the plaintiff's damages, these purposes are satisfied and the fact that the plaintiff is permitted to amend outside the limitation period to formally make the third party defendant a party defendant is not inconsistent with these purposes, at least where, as here, the plaintiff's claim concerns the same issues as are raised in the third party complaint.
As in Ioannou, we find that our "relations back" of amendments to pleadings provision, Florida Rule of Civil Procedure 1.190(c),[2] supports our conclusion here. We emphasize that the amended pleading here did not actually introduce a new defendant but rather adjusted the status of an existing party. See I. Epstein & Bros. v. First Nat. Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926).
Finally, in light of our conclusion above, Gatins was entitled to add Beindorf's insurer, Reliance, as a party defendant. See Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980) (cause of action against insurer whose liability is purely derivative does not accrue *876 for limitations purposes until entry of judgment against tortfeasor).[3]
REVERSED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] Beindorf contends that Peneschi v. National Steel Corp., 295 S.E.2d 1 (W.V. 1982) also supports this view but in that case the court, while affirming the denial of the plaintiff's motion to amend to add a claim against the third party defendant, declared that had the cause of action against the third party defendant only been discovered during the development of the lawsuit, it would be within the trial judge's discretion to determine whether the amendment should be allowed.
[2] Florida Rule of Civil Procedure 1.190(c), provides as follows:

Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
[3] Because Ms. Gatins' death occurred prior to October 1, 1982, section 627.7262, Florida Statutes, which deals with nonjoinder of insurers is inapplicable here. VanBibber v. Hartford Accident and Indemnity Ins. Co., 439 So.2d 880 (Fla. 1983).