VAN NORTWICK, J.,
dissenting.
With respect to the application of the statute of limitations, I would adopt the rationale of the Fifth District in Gatins v. Sebastian Inlet Tax District, 453 So.2d 871 (Fla. 5th DCA 1984), and affirm the ruling of the trial court. Accordingly, I respectfully dissent.
On July 24, 2006, Caduceus Properties, LLC, filed its action against Michael Lee Gordon, the project architect, asserting claims relating to an allegedly malfunctioning HVAC system. In December 2006, an amended complaint was filed against Gordon alleging numerous additional claims, including professional negligence; breach of contract; and breach of the implied covenant of good faith, fair dealing, and commercial reasonableness. In March 2007, Gordon filed a third-party complaint against William G. Graney, a professional engineer and a project manager, and KTD Consulting Engineers, Inc., the consulting HVAC engineering firm, alleging professional negligence in the design of the HVAC system. In September 2010, Caduceus and Tallahassee Neurological Clinic, P.A. filed an Amended Direct Action Complaint against Graney, KTD and Gordon alleging that the HVAC system was improperly designed.
The certificate of occupancy to the subject property here was issued on August 5, 2005; thus, the statute began to run on that date. See Wambles v. Amrep Se., Inc., 568 So.2d 125, 126 (Fla. 5th DCA 1990). The four-year statute of limitations of section 95.11(3)(c), Florida Statutes (2006), governs actions on the design and construction of improvements to real property, rather than the five-year limitations period under section 95.11(2)(b) for actions on contracts. Suntrust Banks of Florida, Inc. v. Don Wood, Inc., 693 So.2d 99, 101 (Fla. 5th DCA 1997). KTD and Graney pleaded the statute of limitations as an affirmative defense in their answer to the Second Amended Direction Action Complaint and they moved for dismissal based upon the four-year statute of limitations.
Below and on appeal, KTD and Graney argue that the four-year statute of limitations expired before Caduceus and TNC filed their June 2010 direct action complaint against them. Caduceus and TNC argue that under Gatins v. Sebastian Inlet Tax District, the direct action complaint relates back to the third-party complaint.
In Gatins, the Fifth District held that a plaintiff can assert an otherwise time-barred direct action against a third-party defendant if the third-party defendant was brought into the suit within the limitations period. 453 So.2d at 875. The Gatins court noted that the purpose of statutes of limitation is to protect a party from unexpected enforcement of stale claims. Id. The court reasoned that this purpose is not implicated where the third party is timely brought into the action:
[i]f a third party complaint is filed within the .applicable limitation period and the third party defendant is made aware that it may be held liable for the plaintiffs damages, these purposes are satisfied and the fact that the plaintiff is permitted to amend outside the limitation period to formally make the third party defendant a party defendant is not inconsistent with these purposes, at least where, as here, the plaintiffs claim concerns the same issues as are raised in the third party complaint.

Id.

Here, Gordon initiated a third-party complaint against KTD and Graney on March 7, 2007, placing them on notice within the limitations period that they were being sued for defects in the HVAC system and that they could be liable for damages. The trial court relied on the *230 reasoning in Gatins and ruled that the June 3, 2010, direct action complaint filed by Caduceus and TNC against KTD and Graney related back to the filing of the March 7, 2007, third-party complaint filed against Graney and KTD. Thus, the court ruled that the direct claims were not barred by the statute of limitations. I agree and would affirm.