# Supreme Court of Florida

_____

No. SC12-1474
_____

**CADUCEUS PROPERTIES, LLC, et al.,**
Petitioners,

vs.

**WILLIAM G. GRANEY, P.E., et al.,**
Respondents.

[February 27, 2014]

PARIENTE, J.

The certified conflict between the First District Court of Appeal in Graney v. Caduceus Properties, LLC, 91 So. 3d 220 (Fla. 1st DCA 2012), and the Fifth District Court of Appeal in Gatins v. Sebastian Inlet Tax District, 453 So. 2d 871 (Fla. 5th DCA 1984), involves the scope of Florida Rule of Civil Procedure 1.190(c) governing the relation back of an amendment to a pleading filed by a party during the course of litigation.[1] Specifically, the conflict issue is whether an amended complaint, naming a third-party defendant as a party defendant, relates back to the filing of the third-party complaint for statute of limitations purposes.

_____

    1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

For the reasons that follow, we conclude that an amended complaint filed after the statute of limitations has expired, naming a party who had previously been made a third-party defendant as a party defendant, relates back under rule 1.190(c) to the filing of the third-party complaint. For the amended pleading to be timely in this situation, the third-party complaint must have been filed prior to the expiration of the statute of limitations and the plaintiff's claims in the amended complaint must arise from the same "conduct, transaction, or occurrence" set forth in the third-party complaint. Accordingly, we quash the First District's decision in Graney, which limited the scope of the relation-back doctrine in a manner inconsistent with the meaning and intent of the applicable Florida Rules of Civil Procedure, and we approve the Fifth District's decision in Gatins.

## FACTS

This case arises from litigation concerning a malfunctioning heating, ventilation, and air conditioning (HVAC) system installed in a new ambulatory surgical center. The owner of the building is the plaintiff, Petitioner Caduceus Properties, LLC. Caduceus leases a portion of the building to co-Petitioner Tallahassee Neurological Clinic, P.A. ("TNC"). The building architect was Michael Lee Gordon, who subcontracted the design of the HVAC system to Respondents KTD Consulting Engineers, Inc., and its principal, William G. Graney.

- 2 -

In late 2005, the HVAC system designed by KTD began to fail. TNC contacted Gordon and KTD concerning the system failure, and the parties unsuccessfully attempted to remedy the HVAC problems over the next ten months. In July 2006, Caduceus initiated this litigation by suing Gordon, with whom it was in privity. In March 2007, Gordon initiated a third-party action against KTD and Graney. Pursuant to Florida Rule of Civil Procedure 1.180, which governs third-party practice, Gordon alleged that KTD and Graney were liable for all or part of Caduceus' claims against Gordon. Ultimately, Gordon's third-party claims were dismissed, and he declared bankruptcy during trial.[2]

In June 2010, after the statute of limitations governing Caduceus' original action had expired, Caduceus sought to amend its complaint to add TNC as a party plaintiff and to name third-party defendants, KTD and Graney, as party defendants to the action.[3] The trial court granted this motion, pursuant to a joint stipulation in which all of the parties agreed to the addition of TNC as a party plaintiff and to

---

2. After KTD and Graney were named party defendants, but before trial, Gordon's third-party complaint against KTD and Graney was dismissed because Gordon failed to comply with a court order. Additionally, because Gordon filed for bankruptcy protection during the trial of this case, the litigation was automatically stayed, no judgment was entered against him, and he was never a party in the First District or in this Court.

3. The case had previously been stayed for thirteen months while the parties attempted to correct the problems with the HVAC system. Unsuccessful mediation also occurred in May 2010.

naming KTD and Graney as party defendants, while reserving all defenses, so long as the trial was continued.  The trial court continued the trial for seven months.

In their answer and affirmative defenses to the amended complaint, KTD and Graney raised the statute of limitations as an affirmative defense and moved for involuntary dismissal based on this defense after presenting their case during trial.  The trial court denied the motion and proceeded with the trial, entering judgment in favor of Caduceus and TNC with respect to all of their claims against KTD and Graney, and awarding a total of $489,134.52 in damages.[4]  KTD and Graney appealed this decision to the First District.

On appeal, the First District addressed only the statute of limitations issue and reversed the trial court's judgment on that basis in a two-to-one split decision. Graney, 91 So. 3d at 228.  Specifically, the First District framed the issue as whether the amended complaint related back to the filing of the original complaint filed by Caduceus against Gordon.[5]  Id. at 224.  The First District held that the amended complaint did not relate back and was barred by the statute of limitations because "[r]elation back should only be permitted where there is a mistake or

---

4. The trial court awarded Caduceus $453,793.41 and awarded TNC $35,341.11.

5. The First District incorrectly framed the issue in this case.  In actuality, the issue is whether the amended complaint relates back to the filing of the third-party complaint filed by Gordon against KTD and Graney.

- 4 -

misnomer in identifying a party defendant, not a mistake in failing to add a party defendant." Id. at 228.

Accordingly, the First District certified that its decision conflicted with the Fifth District's decision in Gatins, 453 So. 2d at 875, which held that an amended complaint naming the third-party defendant as a party defendant to the original action was not barred by the statute of limitations, provided that the third-party defendant was impleaded prior to the expiration of the statute of limitations and "the plaintiff's claim concerns the same issues as are raised in the third party complaint." Judge Van Nortwick dissented from the First District's decision in Graney, stating that he would adopt the rationale of Gatins and affirm the trial court's ruling because the third-party complaint filed by Gordon against KTD and Graney put KTD and Graney on notice "within the limitations period that they were being sued for defects in the HVAC system and that they could be liable for damages." Graney, 91 So. 3d at 229 (Van Nortwick, J., dissenting).

## ANALYSIS

The conflict issue is whether an amended complaint, naming a third-party defendant as a party defendant, relates back to the filing of the third-party complaint for statute of limitations purposes. This question is one of law, and our standard of review is de novo. Pino v. Bank of N.Y., 121 So. 3d 23, 31 (Fla. 2013).

Pursuant to Florida Rule of Civil Procedure 1.180, which governs third-party practice, a defendant may bring a third party into the suit "who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant." Fla. R. Civ. P. 1.180(a). Once the original defendant has impleaded a third party, "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the [original] defendant." Id. However, the plaintiff's claims against the third-party defendant are still subject to any available affirmative defenses, including the statute of limitations. See id.

Therefore, in order for a plaintiff's amended complaint filed after the expiration of the statute of limitations to be considered timely as to a party defendant who was previously a third-party defendant, the court must determine whether the relation-back doctrine of Florida Rule of Civil Procedure 1.190(c) applies. That rule provides that an amendment relates back to the date of the original pleading "[w]hen the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fla. R. Civ. P. 1.190(c).

In Gatins, the Fifth District held that an amended complaint naming the third-party defendant as a party defendant to the original action was not barred by the statute of limitations, as long as the third-party defendant had been brought into

the lawsuit within the limitations period, and "the plaintiff's claim concerns the same issues as are raised in the third party complaint." 453 So. 2d at 873, 875. In so holding, the Fifth District reasoned that this was "consistent with the principles governing limitations of actions in our state and with the philosophy behind our rules of civil procedure." Id. at 875. We agree with the Fifth District and Judge Van Nortwick's dissent in Graney, which adopted the Fifth District's rationale in Gatins.[6]

Generally, Florida has a judicial policy of freely permitting amendments to the pleadings so that cases may be resolved on the merits, as long as the amendments do not prejudice or disadvantage the opposing party. Permitting the relation back of pleadings under rule 1.190(c) when the claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth" in the third-party complaint is consistent with this judicial policy. Fla. R. Civ. P.

_____

6. Although Graney argues that Gatins stands alone in this state, there have been no contrary cases, and it appears that the reasoning of Gatins has been followed by both the Third and Fourth District Courts of Appeal. See BMAB E. Tower, Inc. v. Testwell Craig Labs. & Consultants, Inc., 835 So. 2d 1211, 1211 (Fla. 3d DCA 2003) (citing Gatins and holding that "appellant's amended complaint against appellees is not barred by the statute of limitations because it relates back to the date of filing of the fourth-party complaint"); McKee v. Fort Lauderdale Produce Co., 503 So. 2d 412, 412 (Fla. 4th DCA 1987) (citing Gatins and holding that "the amended complaint against appellees relates back to the date of filing of the third party complaint and is not barred by the statute of limitations").

1.190(c).  As rule 1.190(a) sets forth, "[l]eave of court [to amend] shall be given freely when justice so requires."  Fla. R. Civ. P. 1.190(a).  Further, subsection (e), governing "Amendments Generally," provides that "[a]t any time in furtherance of justice, upon such terms as may be just, the court may permit" an amended pleading.  Fla. R. Civ. P. 1.190(e).

Permitting relation back in this context is also consistent with Florida case law holding that rule 1.190(c) is to be liberally construed and applied.  See, e.g., Fabbiano v. Demings, 91 So. 3d 893, 894-95 (Fla. 5th DCA 2012) (explaining that the relation-back rule is to be liberally interpreted and acknowledging that the underlying "rationale for this rule is grounded in the notion of fair notice"); Flores v. Riscomp Indus., Inc., 35 So. 3d 146, 148 (Fla. 3d DCA 2010) (explaining that the relation-back doctrine is to be liberally applied and articulating "the test to be whether 'the original pleading gives fair notice of the general fact situation out of which the claim or defense arises' " (quoting Kiehl v. Brown, 546 So. 2d 18, 19 (Fla. 3d DCA 1989))); Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So. 2d 302, 305 (Fla. 1st DCA 1991) (explaining that amendments to pleadings should be permitted whenever possible, unless doing so would prejudice the opposing party); Adams v. Knabb Turpentine Co., 435 So. 2d 944, 946 (Fla. 1st DCA 1983) (explaining that when determining whether an amendment should be permitted under rule 1.190 generally, "all doubts should be

resolved in favor of allowing amendment" and that "[i]t is the public policy of this state to freely allow amendments to pleadings so that cases may be resolved upon their merits").

The justice of this interpretation of rule 1.190(c) becomes even more apparent when considering the purpose served by statutes of limitations. Statutes of limitations are designed to protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from the unexpected enforcement of stale claims. See Totura & Co. v. Williams, 754 So. 2d 671, 681 (Fla. 2000) (explaining that the purpose of statutes of limitations is "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared" (quoting Order of R.R. Tels. v. Ry. Express Agency, Inc., 321 U.S. 342, 348-49 (1944))). As Judge Van Nortwick pointed out in his dissent in Graney, the purpose underlying statutes of limitations—namely, preventing lack of notice and prejudice to the defendant—is not implicated where the plaintiff's amended complaint relates back to the filing of the third-party complaint, as long as the third party was brought into the suit prior to the expiration of the statute of limitations and the plaintiff's claims concern the same conduct, transaction, or occurrence at issue in the third-party complaint. See Graney, 91 So. 3d at 229 (Van Nortwick, J., dissenting).

In other words, in determining whether a time-barred amendment to a pleading that names a third-party defendant as a party defendant relates back to the date of the third-party complaint, the key inquiry is whether the third-party complaint put the third-party defendant on notice of the conduct, transaction, or occurrence from which the plaintiff's claims against that defendant arose. If so, then the statute of limitations should not bar such claims. Therefore, in a case in which the third-party complaint puts the third-party defendant on notice of the conduct, transaction, or occurrence from which the plaintiff's claims arose, and the third-party defendant is already a party to the lawsuit when the plaintiff seeks to name the third-party defendant as a party defendant, the plaintiff's amended complaint naming the third-party defendant as a party defendant should relate back to the timely filed third-party complaint.[7]

---

7. The approach we adopt is consistent with the approach of other jurisdictions that permit amended pleadings to relate back to the timely filed third-party complaint, despite the expiration of the statute of limitations. See, e.g., Rakes v. Fairmont Mobile Homes, Inc., 358 S.E.2d 236, 239 (W. Va. 1987) ("[A] plaintiff may amend the original complaint to bring a direct action against a third-party defendant who has been timely brought into the action by the defendant, if the amended complaint is based on the same transaction or occurrence set out in the original complaint, unless the third-party defendant can show some substantial prejudice."); Duffy v. Horton Mem'l Hosp., 488 N.E.2d 820, 823 (N.Y. 1985) (explaining that the relation-back doctrine applies to an amended complaint filed after the expiration of the statute of limitations period as long as the claims are based on the same transaction, conduct, or occurrence; the third-party defendant is aware of the suit and has been participating; and there is no prejudice to the third-party defendant); Lawlor v. Cloverleaf Mem'l Park, 266 A.2d 569, 577-78 (N.J. 1970) (holding that the plaintiff's amendment asserting claims directly against the

We reject the approach of the First District that would limit the relation-back doctrine to cases involving "mistake or misnomer," Graney, 91 So. 3d at 228, because such a rule would be inconsistent with the policy that rule 1.190(c) should be liberally construed, as well as the policy underlying the Florida Rules of Civil Procedure that cases should be resolved on the merits whenever possible. Our conclusion is also consistent with this Court's long-standing precedent that an amended pleading does not actually introduce a new defendant when it merely adjusts the status of an existing party. See I. Epstein & Bro. v. First Nat'l Bank of Tampa, 110 So. 354, 355-56 (Fla. 1926) (holding that an amendment filed after the expiration of the statute of limitations period, seeking to change the status of one defendant from a representative capacity to an individual capacity and dismissing the other defendant, was not time-barred because it was merely a change in the status of the parties before the court and did not introduce a new party or cause of action). In this case, the amended complaint filed by Caduceus and TNC against KTD and Graney after the statute of limitations period had expired did not introduce a new party because "the real parties and interests and the essential

---

third-party defendant related back to the filing of the third-party complaint, even though it was filed after the expiration of the statute of limitations period, because the third-party defendant was fully aware that it was being sought to be held liable and the plaintiff's claims were based on the same conduct, transaction, or occurrence). We are also aware of contrary holdings from other jurisdictions, but we conclude that those approaches are inconsistent with the policies underlying the Florida Rules of Civil Procedure.

elements of the controversy remain[ed] the same." James v. Dr. P. Phillips Co., 155 So. 661, 663 (Fla. 1934) (citing Gibbs v. McCoy, 70 So. 86, 86 (Fla. 1915)).

Our holding here also does not disturb the precedent that, generally, the relation-back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired. See, e.g., Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So. 2d 451, 453 (Fla. 4th DCA 1999); Kozich v. Shahady, 702 So. 2d 1289, 1291 (Fla. 4th DCA 1997). In this case, the plaintiffs did not seek to bring in an entirely new party defendant who previously had no connection to the litigation. Rather, the third-party defendants were impleaded by the original defendant in 2007, well within the statute of limitations period, and were actively involved in the litigation at the time the plaintiffs sought to name them as party defendants.

Accordingly, we conclude that an amended complaint filed after the statute of limitations period has expired, naming a party who was previously a third-party defendant as a party defendant, relates back under rule 1.190(c) to the filing of the third-party complaint. For the amended pleading to be timely in this situation, the third-party complaint must have been filed prior to the expiration of the statute of limitations and the plaintiff's claims in the amended complaint must arise from the same "conduct, transaction, or occurrence" set forth in the third-party complaint. We emphasize that this holding does not remove all discretion from the trial court,

- 12 -

which must first make a determination that the plaintiff's claims in the amended complaint arise from the same "conduct, transaction, or occurrence" as the third-party complaint. Further, the trial court retains the discretion to deny the amendment if it is so late in the proceedings that the opposing party would be unfairly prejudiced and other options, such as a continuance, would be unfair to either party.

As applied to the facts before us, in this case, "[t]here is no dispute . . . that the claims [set forth by the plaintiffs in their amended complaint] . . .'arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.' " Graney, 91 So. 3d at 224 (quoting Fla. R. Civ. P. 1.190(c)). The third-party defendants were timely brought into the suit in 2007 and put on notice, prior to the expiration of the statute of limitations, of the facts from which the plaintiff's claims arose. Moreover, in allowing the amendment, the trial court continued the trial for seven months after the amended complaint was filed so that any prejudice arising from the change of status from third-party defendants to party defendants was eliminated.

In considering the delay in naming the third-party defendants as party defendants in this case, the First District observed that "Caduceus and TNC made an intentional or tactical decision not to timely bring claims against parties they knew to be potentially liable," apparently to bolster the First District's position that

it was error for the trial court to allow the amendment. <u>Graney</u>, 91 So. 3d at 228. While Caduceus and TNC candidly admitted that their decision to name KTD and Graney as party defendants when they had previously been third-party defendants did, in fact, relate to Gordon's financial difficulties that ultimately led to his bankruptcy and a stay of the action against him, the actions of the plaintiffs in not initially naming KTD and Graney as party defendants is not the type of tactical decision that should be considered gamesmanship. We discern no bad faith in the reasons for the delay that would mandate that the plaintiffs be precluded from proceeding directly against the engineers who were allegedly at fault for the malfunctioning HVAC system, especially where they had been actively involved in the litigation for several years.[8]

## CONCLUSION

Based on the foregoing, we hold that an amended complaint filed after the statute of limitations period has expired, naming a party who had previously been made a third-party defendant as a party defendant, relates back under rule 1.190(c) to the filing of the third-party complaint. For the amended complaint to be timely

---

8. Additionally, because Gordon eventually filed for bankruptcy and his third-party complaint against KTD and Graney was ultimately dismissed due to Gordon's failure to comply with a court order, the trial court's failure to allow this amended complaint would have effectively rendered the plaintiffs without a remedy and the ability to recover damages for the faulty design of their HVAC system.

in this situation, the third-party complaint must have been filed prior to the expiration of the statute of limitations and the plaintiff's claims in the amended complaint must arise from the same "conduct, transaction, or occurrence" set forth in the third-party complaint.

Accordingly, we approve the Fifth District's decision in <u>Gatins</u>, quash the First District's decision in <u>Graney</u>, and remand this case for further proceedings consistent with this opinion.

It is so ordered.

QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in result.
POLSTON, C.J., is recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Direct Conflict of Decisions

First District - Case No. 1D11-2700

(Leon County)

Major B. Harding, Robert N. Clarke, Jr., and Martin B. Sipple of Ausley & McMullen, P.A., Tallahassee, Florida,

for Petitioners

Lilburn R. Railey, Patrick R. Delaney, and Rouselle A. Sutton, III of Railey, Harding, Allen & Delaney, P.A., Orlando, Florida,

for Respondents