Warner, J.
In this personal injury case, appellant/plaintiff Lemen McCray appeals a final judgment of no liability on behalf of the defendants. He contends that the trial court erred in denying his motion to amend to add an additional defendant just prior to trial. The proposed defendant was a third-party defendant until the third-party plaintiff voluntarily dismissed its complaint. The trial court determined that the proposed defendant had been dismissed, and that the statute of limitations had ran, barring McCray’s cause of action. We affirm, concluding that because the voluntary dismissal of the third-party complaint divested the court of in personam jurisdiction of the proposed defendant, the proposed defendant was no longer a party in the proceedings. As the statute of limitations had ran as to the proposed defendant, the court did not abuse its discretion in denying the motion to amend.
This appeal arises from a personal injury lawsuit filed by McCray after he tripped and fell in a hole created while work was being performed on his property. McCray filed a negligence action against appellees BellSouth Telecommunications, Inc., d/b/a AT & T Florida, and Mastec, Inc. Mastec then filed a third-party complaint against Woodah Enterprises, a subcontractor on the project on McCray’s property. McCray did not amend his complaint to allege any cause of action against Woodah.
After several years of litigation, on the day before trial was scheduled, Mastec voluntarily dismissed its third-party complaint against Woodah “with prejudice.” Later that same day, McCray moved to amend his complaint to include Woodah as a party defendant. The trial court denied the motion to amend, finding that not only had the third-party complaint been dismissed, but the statute of limitations had expired as to any claim against Woodah. McCray moved for reconsideration, arguing that the statute of limitations did not preclude his claims against Woodah because the amended complaint would relate back to the filing of.the third-party complaint.
The case proceeded to a jury trial against BellSouth and Mastec, both of which were exonerated by the jury. McCray moved for a new trial, again arguing that he should have been allowed to amend his complaint to add Woodah as a defendant. The court denied the motion for new trial and entered a final judgment in favor of BellSouth and Mastec. McCray now appeals from that final judgment.
“The standard of review applicable to a motion to amend a complaint is abuse of discretion.” Vaughn v. Boerckel, 20 So.3d 443, 445 (Fla. 4th DCA 2009). “Refusal to allow an amendment is an abuse of the trial court’s discretion ‘unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.’ ” Id. (quoting Dieudonne v. Publix Super Markets, Inc., 994 So.2d 505, 507 (Fla. 3d DCA 2008)).
In this case, the amendment would be futile because of the bar of the *940 statute of limitations. The party sought to be added, Woodah, had already been voluntarily dismissed as a third-party defendant. The voluntary dismissal of the action divested the trial court of jurisdiction over the entire third-party complaint and thus over Woodah. See Federal Ins. Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985). “[T]he plaintiff may refile the action against the voluntarily dismissed party, if not otherwise time barred, and regain in personam jurisdiction over that once dropped party by service of process.” Biggers v. Town of Davie, 674 So.2d 938, 939 (Fla. 4th DCA 1996) (emphasis supplied). Thus, because the statute of limitations had run against Woodah, the trial court did not abuse its discretion in denying the motion to amend to add Woodah, over which personal jurisdiction had been lost.
Caduceus Properties, LLC v. Graney, 137 So.3d 987 (Fla. 2014), on which McCray relies, is consistent with our analysis. In Caduceus, the owner of a building sued its HVAC contractor. Id. at 990. The contractor initiated a third-party action against two subcontractors. Id. After the statute of limitations had run on its claim, the building owner sought to add the two subcontractors to its complaint, which the trial court granted. Id. The third-party complaint was dismissed, however, after the subcontractors were named party defendants. Id. at 990 n.2. The contractor appealed, and the First District reversed, holding that the statute, of limitations barred the claim. Id. at 990. On review to the supreme court, the court held that “an amended complaint filed after the statute of limitations has expired, naming a party who had previously been made a third-party defendant as a party defendant, relates back under rule 1.190(c) to the filing of the third-party complaint,” so long as the third-party complaint was filed within the statute of limitations and the amended complaint arose from the same conduct or transaction as the third-party complaint. Id. at 995. Significantly, however, the court stated that the third-party defendant needs to be a party to the lawsuit when the amended complaint is filed:
Therefore, in a case in which the third-party complaint puts the third-party defendant on notice of the conduct, transaction, or occurrence from which the plaintiffs claims arose, and the third-party defendant is already a party to the lawsuit when the plaintiff seeks to name the third-party defendant as a party defendant, the plaintiffs amended complaint naming the third-party defendant as a party defendant should relate back to the timely filed third-party complaint.
[[Image here]]
Our holding here also does not disturb the precedent that, generally, the relation-back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations period has expired. See, e.g., Schwartz v. Wilt Chamberlain’s of Boca Raton, Ltd., 725 So.2d 451, 453 (Fla. 4th DCA 1999); Kozich v. Shahady, 702 So.2d 1289, 1291 (Fla. 4th DCA 1997). In this case, the plaintiffs did not seek to bring in an entirely new party defendant who previously had no connection to the litigation. Rather, the third-party defendants were impleaded by the original defendant in 2007, well within the statute of limitations period, and %oere actively involved in the litigation at the time the plaintiffs sought to name them as party defendants.
Id. at 993-94 (emphasis supplied) (footnote omitted). As Woodah was not a party to the lawsuit because of the voluntary dismissal of the third-party complaint before the motion to amend was filed, Caduceus fully supports—in fact requires—the denial of the motion to amend.
*941 For the foregoing reasons, we affirm the final judgment.
Gross and May, JJ., concur.